UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAURA ASHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-CV-386-TRM-DCP |
| | ) |
| JASON TYLER HUGHETT, in his | ) |
| individual capacity and official capacity, and | ) |
| CITY OF KNOXVILLE, TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant City of Knoxville's Motion to Compel Discovery [Doc. 33]. Attorney Joshua Headrick, representing Defendant Hughett, and Attorney Ronald Mills, representing Defendant City of Knoxville, appeared before the Court for a telephone conference on December 3, 2019. However, Plaintiff failed to call into the previously-scheduled telephone conference. Further, the Court notes that Plaintiff has not responded to Defendant City of Knoxville's Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Accordingly, for the reasons set forth below, the Court has considered Defendant City of Knoxville's request, and finds it to be well-taken. Therefore, Defendant City of Knoxville's Motion to Compel [**Doc. 33**] is **GRANTED**.

I.   **ANALYSIS**

Plaintiff brought suit on September 14, 2018 against Defendant Hughett, in his individual and official capacities, as well as Defendant City of Knoxville, under 42 U.S.C. §§ 1983 and 1988 for alleged violations of her civil rights under the Fourth, Eighth, and Fourteenth Amendments. [Doc. 1]. The Court's Scheduling Order [Doc. 29] on January 25, 2019 detailed that all discovery shall be completed by November 25, 2019. On March 26, 2019, the Court granted [Doc. 32] Attorney Marcos Garza, Attorney Jenny Rogers, Attorney Timothy Baldridge, and Attorney Keith Lowe's Motion to Withdraw as Counsel [Doc. 31], and admonished Plaintiff that she was deemed to be proceeding pro se in this matter.

In the instant Motion, Defendant City of Knoxville requests that the Court compel Plaintiff to respond to written discovery. For grounds, Defendant City of Knoxville states that it served its First Set of Interrogatories and Requests for Production of Documents to Plaintiff on September 5, 2019. *See* [Doc. 33-1]. Defendant City of Knoxville details that Plaintiff has not responded to the above discovery requests. Further, Defendant City of Knoxville states that after failing to receive a response to the discovery requests, counsel for the Defendant, Attorney Mills, wrote to Plaintiff on October 10, 2019, advising her of the failure to respond to the written discovery requests. *See* [Doc. 33-2].

The Motion further relates that Attorney Mills spoke with Plaintiff by telephone on October 17, 2019, wherein Plaintiff confirmed that she had received the discovery requests and counsel's previous letter, and that Attorney Mills stated that he was willing to allow an additional two weeks for responses to the discovery requests. Following continued lack of communication and Plaintiff's failure to respond to the outstanding discovery requests, Defendant City of Knoxville filed the pending Motion. Attorney Mills also included a certification that he attempted to confer

in good faith with Plaintiff in order to resolve the pending discovery disputes, but such attempts have been unsuccessful.

Regarding the telephone conference, the Court previously contacted the parties regarding their availability for a conference after the filing of the present Motion. After Plaintiff replied only to counsel for Defendant City of Knoxville, Attorney Mills informed the Court of Plaintiff's stated availability, and the telephone conference was scheduled for December 3, 2019. Notice of the telephone conference was mailed to Plaintiff at her provided address on November 27, 2019. During the conference, Attorney Mills related that Plaintiff emailed him on December 2, 2019 at 9:45 p.m. regarding the time of the scheduled telephone conference, to which Attorney Mills responded with the scheduled time and the Court's phone number.

Ultimately, Plaintiff has not responded to Defendant City of Knoxville's discovery requests, has not filed a response to the instant Motion, and did not participate in the scheduled telephone conference. Pursuant to Federal Rule of Civil Procedure 37(a), a party may move for an order compelling answers to interrogatories and production of documents. Because Plaintiff did not respond to the Motion, and has not complied with her discovery obligations, the Court finds Defendant City of Knoxville's request well-taken. Plaintiff **SHALL** respond to Defendant's First Set of Interrogatories and Requests for Production of Documents by **December 13, 2019**. Plaintiff is hereby **ADMONISHED** that the failure to respond may warrant sanctions, up to and including dismissal of this action. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court notes that it previously admonished Plaintiff that although she was proceeding pro se, she was still responsible for complying with all deadlines set by the Court and responding to requests by other parties. [Doc. 32 at 2].

## II. CONCLUSION

Accordingly, for the reasons stated above, Defendant City of Knoxville's Motion to Compel Discovery [**Doc. 33**] is **GRANTED.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge